UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

United States of America

v.

Nashean Folds,

          *Defendant.*

[Proposed] Protective Order

16 Cr. 505 (NRB)

      Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 32.1(b)(2)(B), the Court hereby finds and orders as follows:

      1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 32.1, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material."

      2. **Sensitive Material.** Certain Disclosure Material, referred to herein as "Sensitive Material," contains material that (1) affects the privacy, confidentiality, and business interests of individuals or entities (*e.g.*, personal identifying information, telephone numbers, home addresses); and (2) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Any Sensitive Material produced by the Government in this action shall be Bates-stamped with the designation "Sensitive" or otherwise identified by the Government to counsel for the defendant as Sensitive Material. The Government's designation of material as Sensitive Material will be controlling absent contrary order of the Court.

3. **Highly Sensitive Material.** Certain of the Government's Disclosure Material, referred to herein as "Highly Sensitive Material," contains material that (1) affects the privacy, confidentiality, and business interests of individuals or entities (*e.g.*, personal identifying information, telephone numbers, home addresses); (2) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case; and (3) its disclosure would cause substantial harm and/or pose safety, privacy, or confidentiality concerns to those individuals or entities who may be victims or witnesses. Any Highly Sensitive Material produced by the Government in this action shall be Bates-stamped with the designation "Highly Sensitive" or otherwise identified by the Government to counsel for the defendant as Highly Sensitive Material. The Government's designation of material as Highly Sensitive Material will be controlling absent contrary order of the Court.

4. **Attorney's Eyes Only ("AEO") Material.** Certain discovery materials in this case may raise a significant risk of affecting the privacy, confidentiality, or safety of victims or witnesses. Materials to be produced by the Government and which contain AEO Material may be designated in whole or in part as "Attorney's Eyes Only" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the materials, with the words "Attorney's Eyes Only." The Government's designation of material as AEO Material will be controlling absent contrary order of the Court. Any material designated as AEO Material shall also be deemed Disclosure Material.

5. **Facilitation of Discovery.** The entry of this protective order in this case will permit the Government to produce expeditiously the Disclosure Material without further litigation or the

2

need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

6. **Good Cause.** There is good cause for entry of the protective order set forth herein.

7. **Restrictions on Sensitive Material.** Sensitive Material disclosed to the defendant or his counsel during the course of proceedings in this action:

> a. Shall be used by the defendant and his counsel only for purposes of the defense of this action;
>
> b. Shall not be duplicated by the defendant and his counsel except for purposes of the defense of this action;
>
> c. Shall be kept and maintained by the defendant and his counsel in a secure container and location;
>
> d. Shall not be disclosed in any form by the defendant or his counsel, including by posting to any Internet site or network site to which persons other than the parties hereto have access or by disclosing to the media or any third party, except as set forth in paragraph 7(e) below; and
>
> e. May be disclosed by the defendant or his counsel only to the following persons (hereinafter "Designated Persons"), as needed for purposes of defending this action:
>
>> i. investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by defense counsel;

3

  ii. independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action;

  iii. other prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for hearing or trial preparation; and

  iv. such other persons as hereafter may be authorized by the Court upon motion by the defendant.

8. **Restrictions on Highly Sensitive Material.** Restrictions on Highly Sensitive Material are the same as Sensitive Material, *see* paragraph 7, except that Highly Sensitive Material may be disclosed by counsel to the defendant for review at the offices of defense counsel, or in the presence of defense counsel or any member of the defense team (*i.e.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendant in this case), for purposes related to this case. The defendant shall not maintain, retain, or keep copies of any Highly Sensitive Material, or summaries or notes describing Highly Sensitive Material, outside of the offices of defense counsel. The defendant shall not make or retain any notes that include any Highly Sensitive Material outside the offices of defense counsel. Highly Sensitive Material may be disclosed to Designated Persons consistent with the terms of Sensitive Material.

9. **Provisions for Designated Persons.** The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom they disclose Sensitive Material and Highly Sensitive Material pursuant to paragraph 7(e). The defendant and/or his counsel shall maintain a

4

record of all such Designated Persons to whom they provide Sensitive Material and Highly Sensitive Material.

10. **Return or Destruction of Material.** Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Sensitive Material and Highly Sensitive Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.  Notwithstanding the foregoing, the defense shall not be required to return, destroy, or delete any Disclosure Material to the extent such return, destruction, or deletion would conflict with any applicable professional or ethical obligation or responsibility of the defense.

11. **Retention of Jurisdiction.** The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of this case.

Case 1:16-cr-00055-NRB Document 25 Filed 03/06/23 Page 5 of 6

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: *Lara Pomerantz*             Date: March 6, 2023
Lara Pomerantz / Jeffrey Coyle
Assistant United States Attorneys

*Steven Brill*             Date: March 6, 2023

Steven Brill
Counsel for Nashean Folds

SO ORDERED:
Dated: New York, New York
      March 7, 2023

_____
THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

6